[830 NYS2d 912]

# In the Matter of Colin S. Fiske, an Attorney, Resignor.

Second Department, March 20, 2007

## APPEARANCES OF COUNSEL

*Colin S. Fiske*, Baldwin, resignor pro se.

*Rita E. Adler*, Hauppauge (*Nancy B. Gabriel* of counsel), for Grievance Committee for the Tenth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Colin S. Fiske has submitted an affidavit dated October 4, 2006, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). He was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 17, 1990.

Mr. Fiske avers that his resignation is submitted voluntarily, free from coercion and duress, after review with counsel, and with a full awareness of its submission. He is aware of a pending investigation by the Grievance Committee for the Tenth Judicial District into allegations of professional misconduct concerning his handling of three IOLA accounts maintained incident to his practice of law. He admittedly placed funds into three IOLA accounts maintained at the Fleet Bank on behalf of client Robert Mills. He failed to maintain ledgers for the subject accounts and is unable to account for the money deposited into or the corresponding disbursements made from them. Mr. Fiske admits the existence of several checks drawn to cash, for which he did not receive a receipt and is unable to provide any documentation. Although some of the checks issued are listed as fees, the respondent is unable to provide receipts of itemized billing statements for these transactions and cannot provide an accounting. The respondent is aware that the issuance of checks made out to cash is in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). Additionally, there are numerous withdrawals of cash from the accounts for which there are no receipts and no accounting.

Mr. Fiske acknowledges that if charges were predicated upon the aforesaid allegations, he would be unable to successfully defend himself on the merits against such charges.

Mr. Fiske is aware that in an order permitting him to resign, the Appellate Division could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of Mr. Fiske's affidavit of resignation as in the best interests of the public and the most expeditious way to conclude this matter in order to save the Court's time and expense while protecting the public.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, and, effective immediately,

Colin S. Fiske is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, CRANE, MASTRO and GOLDSTEIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Colin S. Fiske is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Colin S. Fiske shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Colin S. Fiske is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Colin S. Fiske, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).